IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINARD EARL MUCKELROY, PRO SE, | § | |
| TDCJ-CID #490833, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0270 |
| | § | |
| EDITH GARCIA and | § | |
| DENNIS E. WILSON, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff LINARD EARL MUCKELROY, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on June 20, 2005, he argued with defendant GARCIA about making a clothing exchange. He says that, after she opened his cell door, he kept part of his body outside the cell door and leaned inside to reach for his dirty clothes. He says he responded to GARCIA's shouts by telling her he wanted a grievance and was going to file on her. Plaintiff alleges defendant GARCIA responded, "I'll give you a grievance," and that the door then slammed on his arm, neck, and shoulder area. Plaintiff says GARCIA then said, "Oh, did I do that?"

Plaintiff complains defendant GARCIA did not respond to his calls to open the door so he could go to the infirmary. Further, plaintiff claims defendant WILSON then came to his cell and instructed plaintiff to place his hands behind his back. Plaintiff says he tried to explain that

his arm, shoulder, and neck had been hit by the door, but defendant WILSON "grabbed [plaintiff's] injured arm, twisted it around [causing plaintiff pain], and swung it around to [plaintiff's] back as he handcuffed [plaintiff]."

Plaintiff requests compensatory and punitive damages.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

The Court finds no repugnant use of force by either defendant is evident here. *Compare, Olson v. Coleman*, 804 F.Supp. 148, 150 (D.Kan. 1992) (finding a single blow to the head causing a contusion to be *de minimis* and not repugnant) and *Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y. 1992) (allegation of single incident of guard using force to choke inmate distinguished from injuries alleged in *Hudson*), both cited with approval in *Jackson v. Culbertson*, 984 F.2d 699, 670 (5th Cir. 1993) (spraying inmate with fire extinguisher found to be *de minimis* and not repugnant to conscience of mankind); *see, also, Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (interrogatory in civil rights suit requiring jury to determine whether arrestee suffered "injury" as result of alleged use of excessive force before considering issue of damages found reasonable and not plain error). The force of which plaintiff complains is clearly *de minimis* and outside the scope of the Eighth Amendment.

Moreover, the injury plaintiff claims to have suffered reinforces this conclusion of *de minimis* force. Plaintiff claims a shoulder injury which caused him to seek medical aid on the day of the incident. Plaintiff saw a nurse who gave him some Ibuprofen, a cell pass, a sling, a heat pack, and instructed him to use hot packs for a few days. Plaintiff's injury is of such a degree that, in the year following the incident, plaintiff has not submitted a single sick-call

request for care for injury from the incident.

The Prison Litigation Reform Act of 1995 (PLRA) requires a showing of injury which, while it need not be significant, must be more than merely *de minimis*. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The injury plaintiff has alleged is clearly *de minimis* and will not support a valid Eighth Amendment claim. *Id*. Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff LINARD EARL MUCKELROY is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   23rd   day of May, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE